**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MAMMA MARIA'S PIZZERIA-BENSENVILLE, INC., an Illinois corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. ) |
| MAIMONA AND SONS, INC., d/b/a MAMA MARIA PIZZA AND MORE, an Illinois corporation, | ) ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Mamma Maria's Pizzeria-Bensenville Inc., by and through its attorneys, Ziccardi Law Offices, and for its Complaint against Defendant, Maimona & Sons, Inc d/b/a Mama Maria Pizza and More, hereby states as follows:

## NATURE OF CASE

1. This Complaint involves claims for trademark infringement under 15 U.S.C. § 1051 *et seq*.; for unfair competition and false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a); and for Illinois State statutory and common law trademark infringement, unfair competition, and deceptive trade practices.

## PARTIES

2. Plaintiff, Mamma Maria's Pizzeria-Bensenville Inc. ("Plaintiff") is an Illinois corporation with its principal place of business in Bensenville, Illinois.

3. Defendant Maimona & Sons, Inc., d/b/a Mama Maria Pizza and More ("Defendant") is an Illinois corporation with a principal place of business in Schaumburg, Illinois, as well as a second location in Des Plaines, Illinois and a third location in Bolingbrook, Illinois.

**JURISDICTION & VENUE**

4. This Court has jurisdiction over the subject matter of this claim for trademark infringement, unfair competition and false designation of origin arising under Section 43(a) of the Lanham Act, 15 U.S.C. §1121(a).

5. This Court has jurisdiction over the subject matter of plaintiff's state law claims pursuant to the provisions of 28 U.S.C. §1338(b), said claims for unfair competition and deceptive trade practices being joined in this action with a substantial and related claim under the Lanham Act, pursuant to 28 U.S.C. §1367.

6. Venue is proper in this district, as all events giving rise to this matter arose in this judicial district.

**BACKGROUND**

7. Plaintiff has been in business for over 38 years using the Mamma Maria's name in connection with the operation of a restaurant and bar serving primarily Italian food for dine in, take out, delivery and catering services. Founded in 1985, Mamma Maria's built its reputation by offering authentic pizza and Italian food using quality products at reasonable prices.

8. Plaintiff is a family-owned and family-run business of the Calzante family. Originally established in 1985 by Biagio and Maria Calzante, in approximately 2012, Joseph Calzante and his sister took over management and control of the restaurant. In 2021, Joseph Calzante became the sole owner of Mamma Maria's and has, with his family, continuously operated it since that time.

9. For the past 38 years, Plaintiff has continuously operated its restaurant and sold pizza and Italian in this judicial district under the Mamma Maria's name.

2

10. As a result of Plaintiff's long-standing operation of its restaurant, promotion and marketing efforts, the consuming public strongly associates "Mamma Maria's," "Mamma's," and "Mamma Maria's Pizzeria-Bensenville" with Plaintiff's company. Plaintiff has continuously and prominently used the Mamma Maria's name on invoices, advertisements, promotional materials, packaging of its food products, at trade shows, on its website, answering the phone, word of mouth, and elsewhere in connection with its business, from inception to the present.

11. Indeed, Plaintiff obtained secondary meaning in the terms "Mamma's," "Mamma Maria's," and "Mamma Maria's Pizzeria-Bensenville" long before Defendant entered the market with its infringing use of the name Mama Maria Pizza.

12. From the outset, the public has associated Plaintiff's pizza and Italian food products as being of high quality, great taste and a highly-enjoyable dining experience. As such, Plaintiff has many long-standing customers who regularly frequent the restaurant to dine in, or order take out or delivery of Plaintiff's products.

13. As a result of its decades in business, Plaintiff has developed significant goodwill and name recognition in the pizza and Italian food industry in and around Chicago's west and northwest suburbs.

14. Plaintiff owns and has standing to sue for infringement of the trademarks associated with the "Mamma Maria's" name in the restaurant industry, including common law trademarks and the following federally registered trademarks issued by the United States Patent and Trademark Office ("USPTO") (collectively, the "Trademarks"): (a) 7,125,503 and (b) 7,130,953. Copies of the Trademark registrations are attached hereto as Exhibit A.

15. As shown in the Trademarks, Mamma Maria's and Mamma Maria's Pizzeria & Ristorante are federally registered trademarks for restaurant services, including sit-down dining, take-out, home delivery, catering and bar services. By virtue of these trademarks, Mamma Maria's has the exclusive right to use or license the use of the Mamma Maria's name, or any derivative thereof, in connection with the operation of restaurants for dine in, take-out and delivery, and/or related services, through all 50 states.

16. Despite Plaintiff's long and well-established rights in the Trademarks, Defendant wrongfully adopted and used in interstate commerce (including in this judicial district) the name "Mama Maria Pizza" in connection with its business, which is confusingly similar to Plaintiff's products and services under the Trademarks. Specifically, Defendant's unauthorized use of the name "Mama Maria" in connection with the sale, offer for sale, distribution, marketing, and advertising of pizza and Italian food (the "Infringing Products and Services") violates Plaintiff's Trademarks and its rights thereunder.

17. Such use by Defendant has caused, and is likely to continue to cause confusion, mistake, or deception among the consuming public, and creates the false impression that the Infringing Products and Services are authorized, sponsored, or approved by Plaintiff. Accordingly, Defendant is infringing upon the Trademarks.

18. Defendant's entity, Maimona and Sons, Inc., was incorporated in 2015. Defendant Mama Maria Pizza operates from three locations – in Schaumburg, Des Plaines and Bolingbrook. A copy of the page from its website, www.mamamariazabiha.com, is attached as Exhibit B.

19. Defendant has affiliated itself by using a name very similar to Plaintiff's name to pass itself off as a long-standing business established more than 38 years ago, even though it was established only eight years ago.

20. Defendant's use of the Mama Maria name in connection with the sale of pizza and Italian food misleads consumers and the public in an effort to copy Plaintiff's long business history and further tie itself to Plaintiff's good name and reputation in the pizza and Italian food industry.

21. Defendant does not have any license rights to use the Trademarks or any terms that are confusingly similar thereto.

22. Defendant's infringement has been willful and deliberate. Plaintiff has requested that Defendant cease and desist use of the Infringing Products and Services, but Defendant has ignored Plaintiff's request. A copy of the November 17, 2023 correspondence to Defendant is attached hereto as Exhibit C.

23. As a result of Defendant's intentional infringement of the Trademarks, the consuming public is likely to be confused as to source, sponsorship, or affiliation between Plaintiff's and Defendant's restaurants.

24. In fact, there have already been several instances of actual confusion because of Defendant's infringement, including customers and potential customers calling Plaintiff's business number to order from Plaintiff some food items that are offered by Defendant but which are not offered by Plaintiff.

25. Any product or advertisement bearing the Trademarks in the pizza and Italian food industry is immediately associated by purchasers, potential purchasers, and the public as being a affiliated with, or offered by, Plaintiff.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

26. Plaintiff reallegs and incorporates by reference the allegations set forth in paragraph 1-25 above as if set forth fully herein as and for paragraph 26 of this Count I.

27. Defendant's unlicensed use of confusingly similar terms to the Trademarks in connection with the sale, offering for sale, marketing, distribution, and advertising of the Infringing Products and Services in interstate commerce, without the consent of Plaintiff, has caused and is likely to cause confusion, mistake, or deception among the consuming public, and creates the false impression that Defendant's Infringing Products and Services are authorized, sponsored, or approved by Plaintiff, or that Defendant's restaurants are affiliated with, or operated by, Plaintiff.

28. Based on Plaintiff's continuous and exclusive use, extensive advertising, sales, and the popularity of its food, the Trademarks acquired secondary meaning for Plaintiff prior to Defendant's infringement.

29. Plaintiff has been directly injured by Defendant's infringing activities.

30. Defendant has copied and imitated the Trademarks in connection with selling, offering for sale, marketing, distribution, and advertising Defendant's Infringing Products and Services.

31. Defendant's conduct is intended to exploit the goodwill and reputation associated with the Trademarks. Defendant's Infringing Products and Services are sold, offered for sale, marketed, distributed, and advertised in the same channels of trade to the same consumers as Plaintiff's products and services.

32. The terms "Mama's" and "Mama Maria" are strikingly similar and phonetically identical. Plaintiff's and Defendant's products and services are offered to the same consumers in

6

the same channels of trade, in the same geographic regions. Plaintiff's Trademarks are strong and have obtained significant secondary meaning. There is actual confusion because of Defendant's infringing marks.

33. Defendant's conduct was willfully and intentionally designed to create confusion in the marketplace between Plaintiff's and Defendant's businesses.

34. Defendant's unauthorized and unlicensed use of the Trademarks has resulted in Defendant unfairly benefiting from Plaintiff's goodwill, and profiting from Plaintiff's reputation and its registered trademarks, to the substantial and irreparable injury of the public, Plaintiff, the Trademarks, and the substantial goodwill represented thereby.

35. Defendant's aforesaid acts constitute trademark infringement in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

36. Plaintiff has suffered actual damages as a result of Defendant's infringement. In addition, Defendant's acts have caused, and will continue to cause, great and irreparable injury to Plaintiff, and unless such acts are restrained by this Court, Defendant will continue such acts, thereby causing Plaintiff to continue to suffer substantial and irreparable harm for which it has no adequate remedy at law.

37. Defendant's infringement has been knowing, intentional, and willful, entitling Plaintiff to increased damages, statutory damages, prejudgment interest, attorney fees, and costs.

## COUNT II
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

38. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-25 above as if set forth fully herein as and for paragraph 38 of this Count II.

39. This Court has jurisdiction over the subject matter of this claim for unfair competition and false designation of origin arising under section 43(a) of the Lanham Act, codified in 15 U.S.C. § 1125(a).

40. Defendant was fully aware of the popularity of Plaintiff's products and services and the clear association of the Trademarks with these products and services. Defendant intentionally copied and offered in interstate commerce the Infringing Products and Services, including in connection with the advertising, distribution, marketing, offering for sale, and sale of pizza and Italian food and related products, that are likely to cause confusion, mistake, and deception as to the origin, affiliation, sponsorship, endorsement, or approval of Defendant's products and services, and to impair the distinctiveness of the Trademarks. As a result, the public is, and is likely to continue to be, confused.

41. Defendant has used in commerce, and continues to use in commerce, the Trademarks to unfairly benefit from Plaintiff's success by selling the same or similar products and services bearing the same or confusingly similar terms associated with the Trademarks in this jurisdiction.

42. Defendant could have selected alternative names for its products and services.

43. Defendant used and continues to use the Trademarks on its Infringing Products and Services with the intent to confuse the purchasing public into believing that Defendant's Infringing Products and Services and/or Defendant are authorized, sponsored, affiliated with, or associated with Plaintiff, and to trade upon Plaintiff's reputation for high-quality food products and services, and to improperly appropriate to itself Plaintiff's valuable goodwill and trademark rights.

44. Sales, and offering for sale, of the Infringing Products and Services by Defendant are likely to cause consumer confusion; consumers will believe that Defendant's Infringing Products and Services are either prepared by, licensed, affiliated with, or sponsored by Plaintiff or are being provided with Plaintiff's consent and/or actual or implied authority. As a result, Plaintiff has been and will continue to be irreparably injured by Defendant's improper acts.

45. Defendant has willfully and deliberately created such confusion by copying and using the distinctive Trademarks associated with Plaintiff's products and services; and has advertised and sold, and continues to advertise and sell, its products and services so as to cause public confusion and deception. Further, Defendant's sales and offer for sale of its products and services has caused, and continues to cause, Plaintiff the loss of its valuable goodwill and reputation for making and selling distinctive, unique, and high-quality food products and services under the Mamma Maria's name.

46. Defendant's aforesaid acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Defendant's products and services as those of Plaintiff in violation of section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

47. Plaintiff has suffered actual damages as a result of Defendant's aforesaid acts. In addition, Defendant's acts have caused, and will continue to cause, great and irreparable injury to Plaintiff, and unless such acts are restrained by this Court, Defendant will continue such acts, thereby causing Plaintiff to continue to suffer substantial and irreparable harm for which it has no adequate remedy at law.

48. Defendant's aforesaid acts have been knowing, intentional, and willful, entitling Plaintiff to increased damages, statutory damages, prejudgment interest, attorney fees, and costs.

## COUNT III
**STATE STATUTORY AND COMMON LAW TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DECEPTIVE TRADE PRACTICES**

49. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-25 above as if set forth fully herein as and for paragraph 49 of this Count III.

50. This claim arises under the pertinent statutes and common law of Illinois relating to trademark infringement and unfair competition. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

51. Defendant's wrongful conduct constitutes unfair methods of competition and unfair and deceptive acts or practices in trade or commerce and creates a likelihood of confusion, misunderstanding, or deception in the public's mind as to the origin of the parties' goods and services, all in violation of 815 ILCS 505/1 *et seq.*, 815 ILCS 510/1 *et seq.*, and the common law of Illinois. Defendant has also been and is engaged in deceptive trade practices within the meaning of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*.

52. Plaintiff is the owner of all right, title, and interest in and to the Trademarks, trade names, and logos used by Plaintiff by virtue of its extensive development and sale of products and services bearing such trade names, trademarks, and logos (collectively, Plaintiff's "common law trademarks") as set forth in the preceding paragraphs of this Complaint. In particular, because of

its extensive sales and publicity, Plaintiff has acquired common law trademark rights in and to the terms "Mamma's," "Mamma Maria's", and confusingly similar variations thereof for its products and services.

53. The Infringing Products and Services advertised, distributed, offered for sale, marketed, and/or sold by Defendant incorporate matter constituting replicas and imitations of Plaintiff's common law trademarks. Such unauthorized use by Defendant of Plaintiff's common law trademarks constitutes trademark infringement and unfair competition, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the products and services and to cause purchasers or potential purchasers to believe that such products and services are associated with Plaintiff when, in fact, they are not.

54. Defendant has willfully and intentionally misappropriated one or more of Plaintiff's common law trademarks with the intent of causing confusion, mistake, and deception as to the source of its goods and services. Accordingly, Defendant has committed trademark infringement and unfair competition under the common law.

55. By such actions in infringing Plaintiff's common law trademarks, Defendant is improperly trading upon the reputation and goodwill of Plaintiff and impairing Plaintiff's valuable rights in and to such family of trademarks.

56. Defendant committed the above alleged acts in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of Illinois.

57. Plaintiff has no adequate remedy at law. Defendant's conduct has caused and, if not enjoined, will continue to cause, irreparable damage to Plaintiff's rights in and to its Trademarks, and to Plaintiff's business, reputation, and goodwill.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for the following relief:

A. That judgment be entered in favor of Plaintiff and against Defendant on each claim made in the Complaint;

B. That the Court order that Defendant, its officers, agents, directors, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendant, be immediately and permanently enjoined from:

1. directly or indirectly infringing the Trademarks as described above in any manner including generally, but not limited to, copying, distributing, advertising, marketing, selling, and/or offering for sale any pizza and Italian food that infringes the Trademarks, including, without limitation, Defendant's Infringing Products and Services, and specifically distributing, advertising, selling, and/or offering for sale unauthorized copies of the Trademarks and/or the design or any other unauthorized goods or services that picture, reproduce, or utilize the likenesses of or which copy or bear a substantial similarity to any of the Trademarks;

2. using the Trademarks or marks confusingly similar thereto;

3. engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, potential purchasers, Defendant's

12

customers, and/or members of the public to believe that, the actions of Defendant, the products and services sold by Defendant, or Defendant itself are connected with Plaintiff, are sponsored, approved, or licensed by Plaintiff, or are in some way connected or affiliated with Plaintiff;

4. otherwise competing unfairly with Plaintiff in any manner; and/or

5. eroding the distinctiveness of the Trademarks and Plaintiff's common law trademarks, and damaging Plaintiff's goodwill, reputation, and business;

C. That Plaintiff be awarded damages in an amount sufficient to compensate it for the injuries it has sustained by reason of Defendant's unlawful acts, including Plaintiff's loss of goodwill, loss of past and/or future sales, and damages caused by Defendant's acts of trademark infringement, unfair competition, false designation of origin, and Illinois State statutory and common law trademark infringement, unfair competition, and deceptive trade practices.

D. That Plaintiff be awarded increased damages based upon the intentional and willful nature of Defendant's conduct of the kind complained of herein, including but not limited to all gains, profits, and advantages received by Defendant from the sale of its Infringing Products and Services sold under the Mama Maria Pizza name, and any other products and services that infringe upon Plaintiff's trademark rights;

E. That Plaintiff be awarded all additional remedies provided for in 15 U.S.C. § 1117;

F. That Defendant be ordered to deliver up for destruction all advertisements, circulars, brochures, and any other items in its possession, custody, or control bearing the Trademarks or any other similar designations;

G. That Defendant be ordered to (a) prepare and send to its customers and the general public corrective statements approved by Plaintiff, correcting all false statements made and all

misrepresentations made concerning the Trademarks; (b) disclaim any association between Defendant and Plaintiff and/or Plaintiff's products and services; and, (c) recall and make reasonable efforts to obtain the return of any infringing or confusingly similar advertising materials for its products and services from its customers;

   H. That Plaintiff be awarded punitive damages for Defendant's willful and malicious acts of common law unfair competition; and

   I. That the Court provide Plaintiff with such other and further relief as it deems just and proper, or that Plaintiff may be entitled to under the law, including but not limited to attorney fees, costs and interest.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues presented in this Complaint.

            Respectfully submitted,

            MAMMA MARIA'S PIZZERIA-
            BENSENVILLE, INC.

            By:   s/ Joseph R. Ziccardi
               Attorney for Plaintiff

Joseph R. Ziccardi, Esq.
**ZICCARDI LAW OFFICES**
77 W. Washington, Suite 705
Chicago, Illinois 60602
(312) 372-3477
jziccardi@ziccardilaw.com